IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

IMI FABI, LLC,

                    Petitioner,

                                                     Civ. Action No.
                                                     5:05-MC-0115 (FJS/DEP)

    vs.

LUZENAC AMERICA, INC.,

                    Respondent.

_____

APPEARANCES:                                OF COUNSEL:

FOR PETITIONER:

BOND, SCHOENECK LAW FIRM         LILLIAN ABBOTT-PFOHL, ESQ.
One Lincoln Center
Syracuse, NY 13202-1355

HOLME, ROBERTS LAW FIRM           TIMOTHY M. REYNOLDS, ESQ.
1700 Lincoln Street
Suite 4100
Denver, CO 80203

FOR RESPONDENT:

HANCOCK, ESTABROOK LAW FIRM   ERIC C. NORDBY, ESQ.
1500 MONY Tower I
Syracuse, NY 13221

DAVIS GRAHAM LAW FIRM              JANET A. SAVAGE, ESQ.
1550 Seventeenth St., Suite 500
Denver, CO 80202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Petitioner IMI Fabi, LLC has moved seeking an order quashing a subpoena issued in this district pursuant to Rule 45 of the Federal Rules of Civil Procedure by respondent Luzenac America, Inc., a defendant and counterclaim plaintiff in an action pending in the United States District Court for the District of Colorado, *Hertz v. Luzenac America, Inc.*, Civil Action No. 04-CV-1961 (LTB/CBS).  That subpoena seeks permission to inspect equipment utilized by the petitioner at its Diana Plant, located in Natural Bridge, New York, for the manufacture of a line of talc product marketed under the trade name "Genera".  In support of its application petitioner argues that the relevance, if any, of the information to be gained through the inspection is far outweighed by the burden associated with the requested inspection, and additionally that the inspection would expose trade secrets and respondent has failed to establish a substantial need on its part for the trade secret information.

Oral argument was conducted on January 25, 2006 regarding the instant dispute.  At the close of argument I issued a bench decision, which is incorporated herein by reference, denying the motion conditioned upon the entry in the Northern District of New York of a mutually acceptable

protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure similar to those entered in the Northern District of West Virginia and the District of Colorado in related actions.   In making that determination, I found that petitioner had not satisfied its burden of demonstrating that the relevance associated with the inspection was far outweighed by the resulting burden to the petitioner, and further found that while trade secrets were involved and harm would potentially be experienced by the petitioner, as a direct competitor of the respondent, through disclosure of such trade secrets during the inspection, there was a sufficient showing of substantial need for the inspection, and additionally that the harm could be minimized or eliminated through the entry of an appropriate protective order.

Based upon the foregoing it is hereby

ORDERED, that the application of petitioner IMI Fabi, LLC, to quash a subpoena issued in this district on December 14, 2005 for inspection of equipment at the petitioner's Natural Bridge, New York plant is DENIED, conditioned upon the entry in this district, prior to any such inspection being conducted, of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to be negotiated by the parties and

enforceable in this district in the event of an alleged breach; and it is further

ORDERED, that my determination in this matter is stayed for a period of ten days to allow petitioner to appeal the ruling to Chief Judge Frederick J. Scullin, Jr., in accordance with this court's local rules.

Dated:   January 27, 2006
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2005\05-MC-115\order.wpd