IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

IMI FABI, LLC,

                    Petitioner,

                                        Civ. Action No.
                                        5:05-MC-0115 (FJS/DEP)

          vs.

LUZENAC AMERICA, INC.,

                    Respondent.

_____

APPEARANCES:                            OF COUNSEL:

FOR PETITIONER:

BOND, SCHOENECK LAW FIRM                LILLIAN ABBOTT-PFOHL, ESQ.
One Lincoln Center
Syracuse, NY 13202-1355

HOLME, ROBERTS LAW FIRM                 TIMOTHY M. REYNOLDS, ESQ.
1700 Lincoln Street                     RICHARD GABRIEL, ESQ.
Suite 4100
Denver, CO 80203

FOR RESPONDENT:

HANCOCK, ESTABROOK LAW FIRM  ERIC C. NORDBY, ESQ.
1500 MONY Tower I
Syracuse, NY 13221

DAVIS GRAHAM LAW FIRM                   JANET A. SAVAGE, ESQ.
1550 Seventeenth St., Suite 500         ANDREW LOWE, ESQ.
Denver, CO 80202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Having successfully sought and obtained an order, issued on
January 27, 2006, enforcing a subpoena seeking inspection of certain of
petitioner's equipment at its Natural Bridge, New York plant, Dkt. No. 20,
respondent Luzenac America, Inc. ("Luzenac"), now seeks enforcement of
a second subpoena, issued on February 15, 2006, expanding the scope
of that requested inspection to permit examination not only of the
equipment used to produce, test or modify various products, including a
line of talc products marketed under the trade name of "Genera", but
additionally to inspect the process, in operation, utilized for the
manufacture of that product.  Petitioner IMI Fabi, LLC ("IMI Fabi") has
opposed the requested expansion on a number of bases including, *inter
alia*, the untimeliness of the subpoena pursuant to scheduling orders
issued by a United States Magistrate Judge in the District of Colorado,
and the failure of Luzenac to make an adequate showing of the need for
access to such trade secret information.  IMI Fabi has also requested that
if the inspection go forward, that the inspection occur subject to several
conditions.

2

The issues currently before the court have been briefed, and oral argument was conducted on February 27, 2006 with regard to the most recent dispute in this matter.  At the close of argument I issued a bench decision, which is incorporated herein by reference, granting Luzenac's motion conditioned upon the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as discussed in my earlier order.  Based upon the foregoing, it is hereby

ORDERED as follows:

1)     The motion of respondent Luzanec America, Inc., for enforcement of a subpoena dated for February 15, 2006 is GRANTED, subject to the conditions listed below.

2)     In the event that the United States District Court for the District of Colorado rules that the February 15, 2006 subpoena was untimely, then enforcement of that subpoena is hereby DENIED, and any inspection of the IMI Fabi facility in Natural Bridge, New York, shall occur in accordance with the December 1, 2005 subpoena, returnable on December 14, 2005, and this court's order dated January 27, 2006.

3)     Representatives of Luzenac shall be permitted to photograph and/or videotape the inspection, subject to the requirement that the

photographer and/or videographer agree to be bound by the protective order and to further certify to petitioner's counsel the total number of photographs taken and/or amount of video footage filmed.

4)     Petitioner's request for reimbursement of expenses incurred as a result of the inspection is DENIED.

5)     Petitioner's request that those persons participating in the inspection sign a hold harmless agreement in which they promise to indemnify IMI Fabi for any injuries suffered during the inspection is DENIED.

6)     Those participating in the inspection shall be limited to attorneys representing Luzenac in the Colorado action and the expert and/or expert's representatives, and shall not include any attorneys or experts representing Luzenac elsewhere, including in the Northern District of West Virginia, absent mutual agreement of the parties to the contrary.

4

7)    Respondent's application for an award of costs and attorneys' fees associated with the instant motion is DENIED.

Dated:    March 3, 2006
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2005\05-MC-115\order2.wpd

5